IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| DONNA CHAPMAN LYONS-LAIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 5:17 CV 00049-DSC |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

**THIS MATTER** is before the Court on Plaintiff's "Motion for Attorney Fees Under the Equal Access to Justice Act" (document #21) filed February 26, 2018, and the parties' briefs and exhibits.

Defendant opposes an award of attorney fees because "(1) the Government was substantially justified in its position; and (2) that the hours expended on this matter by plaintiff's counsel are excessive." "Defendant's Response …" at 1 (document #26).

For the reasons stated in Plaintiff's Motion and brief, and in light of this Court's Order and Judgment remanding this case for further proceedings, the Court concludes that Plaintiff is a prevailing party and that Defendant's position in this litigation was not substantially justified within the meaning of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A).

Pursuant to the power of this Court to award fees to a prevailing party under the EAJA incurred by that party in a civil action against the United States, including proceedings for judicial review of agency action, **IT IS HEREBY ORDERED** that the Plaintiff's "Motion for Attorney Fees Under the Equal Access to Justice Act" (document #21) is **GRANTED**. Defendant shall pay

attorney fees and costs in the amount of $7,334.00 in full satisfaction of any and all claims Plaintiff may have under the EAJA.

Pursuant to the United States Supreme Court's decision in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), attorney fees are payable to Plaintiff as the prevailing party, and subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt she may owe to the Government.

Defendant shall determine whether Plaintiff owes a debt to the United States within thirty days of this Order. If so, the debt will be satisfied first, and if any funds remain they will be made payable to Plaintiff and mailed to counsel. If the United States Department of the Treasury reports that Plaintiff does not owe a federal debt, the Government shall pay the fees awarded directly to Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel.

**SO ORDERED**.

Signed: April 4, 2018

David S. Cayer
United States Magistrate Judge